## CITY OF BEAUMONT v. CALDER PLACE CORPORATION.

No. 5606.

Court of Civil Appeals of Texas. Amarillo.

April 3, 1944.

Rehearing Denied May 8, 1944.

W. A. Tatum, George E. Murphy, and D. L. Broadus, all of Beaumont, for appellant.

Oliver J. Todd and J. R. McDougald, both of Beaumont, for appellee.

HEARE, Justice.

Appellee, Calder Place Corporation, in 1929, subdivided a tract of land known as Calder Place, lying one half mile west of, but not adjoining the City of Beaumont, constructed pavements and curbs thereon, and installed sewer mains, water

lines, and a sewage disposal plant with capacity sufficient to service five hundred homes. It was contemplated by appellee at the time of making the subdivision that the Calder Place Addition would, in time, be taken into the corporate limits of the City of Beaumont, and a dedication deed and plat of the addition were placed of record. The City of Beaumont is a home-ruled city and operates under a charter which gives it the exclusive right to erect, own, maintain, and operate water works for the use of the city and its inhabitants and to regulate the same. For ten years, however, the addition remained without the limits of the City of Beaumont, during which time appellee maintained the disposal plant and the sewerage and water utilities, none of which were connected in any way with like facilities owned by the City, except that the City furnished water through these lines to the inhabitants of the addition and collected its charges for the same.

Appellee executed uniform deeds of conveyance to purchasers of lots in the addition and in each of these deeds reserved unto itself "the right to place and maintain water, sewer and gas mains, heating lines, electric and telephone lines and lines of similar utilities" on and along the rear ten feet of the lots, reserving an easement therefor and further specially providing that the title as passed by the deed should not include the title to such utility lines. The deed gave to each grantee the right to connect to these utilities. Appellee reserved unto itself the right to control all sewer, gas, and water mains laid by it until "such time as 'Calder Place' shall be taken into the City of Beaumont, and the said City assumes charge and control thereof."

The addition proved to be a popular one and attracted as purchasers many substantial citizens who built modern and expensive homes therein. At the time of the trial of this case only twenty-two lots remained unsold in the addition. In 1939, on petition of a majority of the residents of Calder Place, it was annexed to, and became a part of, the municipality. Thereafter, the appellant, City of Beaumont, made some extensions of the sewer line and repaired and cleaned out some of the lines and the septic tank used in the disposal of the sewage, and otherwise sought to assume control and ownership of the system.

In 1941, appellee filed this suit against appellant, declaring first in trespass to try title for the title and possession of the water lines, sewer lines, sewage disposal plant, and the easements upon which they were being maintained, and in the alternative sought damages for the value of these properties by reason of an alleged conversion of them by appellant. Appellee also pleaded specially to recover the properties from appellant if it could not recover their value, and prayed for equitable relief.

Appellant, in addition to its plea of not guilty, interposed many special defenses to the suit, contending, among other defenses, that the attempted reservation of title in the deeds was void because it was repugnant to the grant, was against public policy, was repugnant to the dedication, and created a monopoly. Before judgment was rendered, appellee abandoned its claim for damages for conversion. Each party requested a peremptory instruction to the jury in its favor, but the trial court refused both requests and instructed the jury to find that no ouster had been shown and that appellee should take nothing by its trespass to try title action, but that as to the right of the use of the sewer and water lines and facilities, appellee has the right, title, and interest therein subject only to the right of use of said facilities necessary and proper for the service of the houses "now constructed and to be constructed in Calder Place Addition to the City of Beaumont."

Thereupon, the court entered judgment decreeing "that the City of Beaumont do have and recover, subject to the exceptions hereinafter provided, the title and possession of all the water pipes, fire plugs, storm sewers, and sanitary sewers with easements * * * (here follows description of the location of the easements). Subject, however, to the right of the Plaintiff, Calder Place Corporation, to have the use of said water lines, storm sewers, and sanitary sewer lines for the purpose of making connections to any additional houses outside Calder Place Addition for the purpose of furnishing water service and sewer service to the said additional houses not to exceed the amount of three hundred additional houses, unless other disposal units are provided by the defendant, in which event it shall have the right to the maximum capacity of said lines, and said additional disposal unit or units; and

it is decreed that the right of the Defendant shall be exclusive in it as to the houses now located in Calder Place Addition, or thereafter to be built therein, and shall be exclusive in the Plaintiff to make all additional connections up to the maximum of Five Hundred (500) connections for the present disposal plant, and whatever additional capacity is attained by the addition to the said sewerage disposal plant by the Plaintiff."

Appellant complains of the action of the court below in refusing to decree that appellee take nothing by its suit and in entering the judgment above set out. As grounds for reversal, or at least for reformation, of the judgment appellee presents seventeen points of error.

The first four of these points are based on the proposition that the reservations of title to the sewer and water lines in grantor are void because they are against public policy, repugnant to the grant, repugnant to the dedication, and constitute a monopoly under the antitrust laws of the State of Texas.

■ The record discloses that the sewer and water system and disposal plant had a capacity to serve five hundred houses. Connections for two hundred houses would adequately serve Calder Place when the addition was fully settled, leaving a capacity of three hundred houses that could be located outside Calder Place and served by this system if connected to it. Under the dedication deed and the very purpose for which the sewer and water lines were installed, the residents of Calder Place acquired a right to have this system preserved for their own use to the extent of their requirements. This right was fully protected by the judgment which was entered by the trial court.

■ However, the water and sewer system which was installed by appellee at its own expense has a capacity to serve five hundred houses, making a capacity of three hundred houses in excess of any requirement by the residents of Calder Place. We shall term this three hundred house capacity the "excess capacity" of the system. The right to use this excess capacity constitutes a property right. It is owned by the appellee and has not been voluntarily surrendered to anyone by it. This property right does not belong to the City of Beaumont nor to the residents of Calder Place. It belongs to the appellee and can not be taken from the appellee without compensation, unless violence is done both to Article 1, Section 17 of the Constitution of Texas, Vernon's Ann.St., and to the Fourteenth Amendment to the Constitution of the United States. In as much as the rights of people who have accepted, and who will accept, the benefits of the dedication of Calder Place are in nowise impaired by the decree of the court, the reservations of title contained in the deeds, as construed by the court, do not offend public policy, nor are they repugnant either to the grant or to the dedication. Authorities cited by appellant in support of its contention are clearly distinguishable from the case at bar. One was a suit for damages for conversion, another an attempt to establish an exclusive right to own and operate public utilities, and another was a suit for the value of the use of the plaintiff's sewer lines. None of those questions is here involved, in the light of the construction placed by the trial court upon the reservations.

■■ Appellant challenges the right of appellee to own any sewer and water lines, contending that the same is ultra vires as to this corporation. The appellee is a Texas corporation, with the purpose clause in its charter authorized by Subdivision 47 of Article 1302, R.C.S.1925. Under such purpose clause it has the power to purchase, sell, and subdivide real property in towns, cities, and villages and their suburbs not extending more than two miles beyond their limits. It is a well settled rule that the grant of express statutory power to a corporation carries with it, by necessary implication, the grant of every other power necessary and proper to the execution of the power expressly granted. Stephens County v. J. N. McCammon, Inc., 122 Tex. 148, 52 S.W.2d 53. The very purpose for which the appellee corporation was formed was to subdivide real property and to establish and dispose of what is commonly known as a city addition. To make the home sites in such an addition saleable and attractive, it was, without question necessary that sewer and water lines be made available. As an incident to its general powers, the appellee had the implied power to install those facilities, to own them, and to supervise them until such time as the supervision should pass to municipal authority. Appellee is not limited in its scope of endeavor to the establishment of one city addition. It has the authority to purchase, subdivide, and sell other tracts, and

if the excess sewer capacity of the system which it has already installed is available to such other tracts, then it has the right to the use of such capacity in connection with its general authority to develop suburban property. Appellant's fifth and sixth points of error are overruled.

■■ Appellant contends by its seventh, eighth, and fifteenth points of error that there are no pleadings in the court below to support the judgment which was rendered; that there is no evidence to sustain the judgment granting the appellee the exclusive use of the property in litigation for the purpose of furnishing water and sewer service to homes outside Calder Place Addition; and that the judgment is too vague, uncertain, and indefinite to be enforceable. As has been noted, the appellee abandoned its claim for damages arising out of the alleged conversion of its property and, as recited in the trial court's judgment, appellee elected to recover the title and possession of the property in litigation under the count of the petition which is an action in trespass to try title. The buried sewer and water lines and sewage disposal plant together with easements on which they were located constituted an interest in real estate and were therefore the proper subject matter of a trespass to try title suit. Appellee owned the land and buried the sewer and water lines therein. Upon the sale of a lot, appellee reserved from the grant the buried lines and an easement for the maintenance of the same, with right of ingress and egress in connection therewith. It therefore reserved an interest or right in realty, which could be recovered by trespass to try title action. The judgment did not award full title to appellee, but awarded to it only a right of user of that part of the capacity of the lines not necessary for the proper service of houses in Calder Place. We are of the opinion that the judgment is authorized by the pleadings.

■ There is one provision of the judgment, however, for which we find no support in the evidence and which we think has been improperly included in the decree. The clause awarding to appellee the right to use the properties in question for whatever additional capacity that might be attained by any addition to the sewage disposal plant by appellee, this in addition to the present capacity of five hundred house connections, is without support in the record. The evidence shows that the system as it was originally installed by appellee and as it now exists has a capacity to serve five hundred houses. The judgment as entered gives the appellee an indefinite right to enlarge the sewage disposal plant at will and to claim the right to make additional connections to the system in excess of its present capacity of five hundred. There is no evidence to show that the capacity of the system can be increased by any addition to the sewage disposal plant and there is no evidence to show what effect, if any, the enlargement of the sewage disposal plant would have on the existing facilities. It is conceivable that this provision might bring about an interference with the right of the management and control of the system now existing in appellant for the benefit of owners of the present connections and connections that may hereafter be made from houses in Calder Place. Also, that part of the judgment is, in our opinion, too vague, uncertain, and indefinite to render the same enforceable, and should not be included in the decree.

What we have said with reference to the correctness of the judgment in protecting the residents of Calder Place in their right to the use of the system to the extent of their requirements, and the right of appellee to make connections to the system in excess of such requirements, not to exceed, however, the capacity of the system, applies to, and disposes of, appellant's ninth, tenth, eleventh, and fourteenth points of error and they are overruled.

■ Appellant complains, by the twelfth and thirteenth points, that appellee is given an unauthorized right to operate a water works system in the City of Beaumont and to control a sanitary sewer system in said city in violation of the provisions of the city charter. We do not construe the judgment to grant any such broad rights. The limited right that is confirmed to appellee by the judgment is the right to dedicate the excess capacity of the system to such house connections outside the limits of Calder Place as may be designated by appellee. In other words, appellee has already dedicated two fifths of the system capacity to the use of residents of Calder Place. The remaining three fifths of the capacity is its property and may be used by it to furnish additional house connections at the will of the owner of that right. The points will be overruled.

Appellant contends, by the sixteenth and seventeenth points, that there was an issue of fact concerning the question of dedication and concerning the prop? er construction of the deeds to lot purchasers. Where the language of a deed is unambiguous, the effect to be given it is a matter of construction for the court. City of Stamford v. King, Tex.Civ.App., 144 S.W. 2d 923, error refused. Appellant does not point out any asserted ambiguities, either in the deed of dedication or in the deeds to the lot purchasers, and we find none. The points will be overruled.

For the reasons stated, the judgment will be here reformed to the extent that there shall be eliminated from it the following language: "* * * and whatever additional capacity is attained by the addition to the said Sewerage disposal plant by the Plaintiff." As thus reformed, the judgment is affirmed.